IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES POULSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WENEROWICZ et al. | : | NO. 11-7665 |

ORDER

AND NOW, this 5th day of May, 2015, upon consideration of petitioner's petition for a writ of habeas corpus (docket entry # 1), our June 28, 2013 Order referring the matter to the Honorable Jacob P. Hart for a Report and Recommendation ("R&R") pursuant to the procedure for the random assignment of habeas corpus cases, Local R. Civ. P. 72.1 and 28 U.S.C. § 636(b)(1)(B), and Judge Hart's R&R (docket entry # 7), to which neither party filed objections, and the Court finding that:

(a) In his R&R, Judge Hart reviewed the petitioner's litigation following his 1992 conviction in the murder of his mother and 1993 sentence of life imprisonment, R&R at 1;

(b) In August of 2010, Poulson filed a parole application with the Pennsylvania Board of Probation and Parole which responded that it would not schedule a parole review because Poulson's life sentence had no minimum or maximum dates, id. at 1, 2;

(c) Poulson filed a request for mandamus in the Pennsylvania Commonwealth Court, challenging the Parole Board's position by arguing that (1) he was entitled to consideration under a proposed Senate Bill that sought to permit life prisoners to obtain a parole hearing after fifteen years, and (2) the law precluding parole for those serving life sentences did not apply when he was sentenced, id. at 2;

(d) At the same time, he filed for a modification of his sentence, id.;

(e)     The trial court treated these filings as a first petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") and denied his petition after a hearing, id. at 3, and the Pennsylvania Superior Court dismissed his appeal for failure to comply with a filing requirement, id.;

(f)     On December 15, 2011, Poulson filed the present petition which Judge Hart construed to be a reassertion of the claim he pressed concerning his parole application, id.;

(g)     Judge Hart determined that the petition was untimely under the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year limitation period on applications for a writ of habeas corpus which begins to run when a petitioner's judgment becomes final by the conclusion of direct review, id.;

(h)     That date could "[m]ost charitably" be said to be when the Parole Board denied Poulson's claim on September 13, 2010 in which case his petition missed the September 13, 2011 deadline by three months, id., but to the extent Poulson sought to challenge the legality of his original sentence, Judge Hart held that period expired long ago, id. at 4;[1]

(i)     In addition to determining that Poulson's petition was untimely, Judge Hart also found it lacked merit, id.;

(j)     The constitutional right to substantive due process that protects Poulson from arbitrary and capricious decisions, see Furnari v. Warden, 218 F.3d 250, 254 (3d Cir. 2000), requires only that there be a rational basis in the record for the parole decision, R&R at 6;

---

[1] Poulson's judgment became final before the AEDPA became effective, on April 24, 1996. But that only extended to April 24, 1997 the period in which he was entitled to file his petition. R&R at 5. Judge Hart also observed that Poulson's subsequent litigation does not extend the AEDPA deadline, id. at 4. Although equitable estoppel is available under certain circumstance, Poulson made no such argument here, id. at 5.

(k)     Under Pennsylvania law, parole is not available to a prisoner serving a life sentence and Judge Hart concluded this was unquestionably a rational basis for the denial, <u>id.</u>;

(l)     Finally, Judge Hart also recommends that no certificate of appealability issue;

(m)     Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition . . . is issued, the district court judge will make a determination as to whether a certificate of appealability should issue";

(n)     Such a certificate should issue only if the petitioner demonstrates that "reasonable jurists could debate" whether the petition states a valid claim for the denial of a constitutional right, <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); and

(o)     We do not believe that reasonable jurists could debate the conclusion that petitioner's petition is untimely and so we decline to issue a certificate of appealability;

It is hereby ORDERED that:

1.     The Clerk of Court shall TRANSFER this case from our Civil Suspense docket to our Active Docket;

2.     Judge Hart's Report and Recommendation is ADOPTED and APPROVED;

3.     Poulson's petition for a writ of <u>habeas corpus</u> is DENIED WITH PREJUDICE;

4.     There being no warrant for a certificate of appealability, we DECLINE to issue one; and

5.     The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

_/s/ Stewart Dalzell, J.
Stewart Dalzell, J.